1  JOHN J. STOIA, JR. (141757)
   RACHEL L. JENSEN (211456)
2  THOMAS R. MERRICK (177987)
   PHONG L. TRAN (204961)
3  **ROBBINS GELLER RUDMAN**
   **& DOWD LLP**
4  655 West Broadway, Suite 1900
   San Diego, CA 92101
5  Telephone: 619.231.1058
   Fax: 619.231.7423
6  johns@rgrdlaw.com
   rachelj@rgrdlaw.com
7  tmerrick@rgrdlaw.com
   ptran@rgrdlaw.com
8
   One of Plaintiff's Counsel
9
   *Additional Plaintiff's Counsel listed on next*
10 *page*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA LOW, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO UNION-TRIBUNE, LLC, D/B/A SIGNON SAN DIEGO AND ANTHOLOGY, and DOES 1-100,<br><br>Defendants. | CV NO. 11cv1090 JAH WMc<br><br>**DECLARATION OF JOHN J. STOIA, JR. IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. John A. Houston<br>Courtroom: 11 |

776912_1
WEST\239711453.1

1  SHAWN J. WANTA
   **BAILLON THOME JOZWIAK & WANTA LLP**
2  222 South Ninth Street, Suite 2955
   Minneapolis, MN 55402
3  Telephone: 612.252.3570
   Fax: 612.252.3571
4  sjwanta@baillonthome.com

5

   SANDRA W. CUNEO
6  **CUNEO GILBERT & LADUCA, LLP**
   1901 Avenue of the Stars, 2nd Floor
7  Los Angeles, CA 90067
   Telephone: 310.461.1620
8  Fax: 310.461.1621
   scuneo@cuneolaw.com
9
   *Additional Plaintiff's Counsel*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

776912_1
WEST\239711453.1

I, John J. Stoia, Jr., declare:

1. I, John J. Stoia, Jr., am an attorney duly licensed to practice before all the courts of the State of California and the Southern District of California. I serve as of counsel to the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or "Class Counsel"). I submit this declaration in support of the Parties' Joint Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

2. Having investigated and researched the allegations of the complaint and conducted extensive analyses of the facts, law and related issues, my firm and I were in an excellent position to fully evaluate the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses.

3. Plaintiff Linda Low asserts class claims based on federal and California law arising out of Defendant's marketing and sale of "Daily Deal" Vouchers, alleging, *inter alia*, that the expiration dates stated on "Daily Deal" Vouchers during the class period violate the Electronic Funds Transfer Act ("EFTA"), as amended by the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act"), 15 U.S.C. §1693, *et seq.*, and various California laws. Specifically, Plaintiffs allege that the CARD Act prohibits the sale of gift certificates with expiration periods of less than five years and that the CARD Act's provisions apply to "Daily Deal" Vouchers. Plaintiff alleges that the inclusion of expiration dates on "Daily Deal" Vouchers also violates a number of California laws that apply to the expiration dates of gift certificates. Plaintiff seeks damages, restitution, injunctive relief, and other remedies.

4. My firm, along with Baillon Thome Jozwiak & Wanta LLP and Cuneo, Gilbert & LaDuca, LLP, engaged in hard-fought, arms-length settlement negotiations with Defense Counsel spanning over one year.

5. Beginning shortly after the lawsuit was filed in the District Court of Southern California, I had an initial settlement discussion with Defense counsel, Christopher M. Young. Following that conversation, the parties have continued over many months to engage in extensive discussions regarding potential settlement.

6. Counsel for the Parties have determined that settlement is in the best interest of the Class as well as the Defendant. Counsel have devoted numerous hours toward diligently working through the myriad of issues attendant to a class action settlement of this nature.

7. Prior to reaching this Settlement, the Parties engaged in informal discovery regarding the merits of the case, permitting them to assess the relative strengths and weaknesses of their respective positions, and to compare the benefits of the proposed Settlement Agreement to further litigation.  Defense Counsel and I both have substantial experience in litigating class actions, zealously negotiated on behalf of their respective clients' best interests, and a settlement was reached only after multiple settlement proposals had been exchanged and rejected.

8. Upon finally reaching agreement on the terms of Settlement, the Parties subsequently drafted and negotiated the Settlement Agreement, exchanging over a dozen versions of the Stipulation and the 10 settlement exhibits, including the class notice, claim form, notice and claims administration program, and settlement vouchers, as well as the proposed order approving settlement and the accompany proposed final judgment.

9. Ultimately, counsel negotiated the terms of a formal settlement document, the final version of which is the Settlement Agreement (Exhibit A).

10. The proposed Settlement Agreement reflects careful consideration by the Parties of the benefits, burdens, and risks associated with continued litigation of this case.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of October, 2012, in San Diego, California.

                                                   s/ John J. Stoia, Jr.
                                                   JOHN J. STOIA, JR.

776912  1

WEST\239111453.1